

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2007

# USA v. Baymon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1668

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Baymon" (2007). *2007 Decisions.* Paper 868.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/868

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1668

UNITED STATES OF AMERICA

v.

LANCE BAYMON,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-CR-0222
District Judge: The Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 8, 2007

Before: SMITH and GREENBERG *Circuit Judges*, and
POLLAK, *District Judge*[*]

(Filed: June 28, 2007)
_____

OPINION
_____

POLLAK, *District Judge*.

Lance Baymon challenges the reasonableness of the sentence he received after

_____

[*] The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

pleading guilty to unauthorized possession of credit card numbers in violation of 18 U.S.C. § 1029(a)(3). We will affirm the sentence.[1]

I.

Because we write primarily for the parties, we summarize only the essential facts. Between July 11 and July 19, 2002, Baymon was involved in a fraud scheme that involved the resale of baseball tickets that had been purchased with stolen credit card numbers. Baymon was charged by a federal grand jury in September 2003, pled guilty in December 2004, and was released on bond in February 2004. In March 2005, the State of Illinois charged Baymon with "Misuse of a Credit Card" and "Identity Theft" based on conduct he had committed in January 2005, while out on bond in this matter. In April 2005, Baymon failed to appear at a hearing related to those charges. In July 2005, Baymon failed to appear at a sentencing hearing related to his federal charges. He was apprehended in Illinois on November 1, 2005 and sentenced on February 3, 2006.

Prior to sentencing, the government moved the court to impose a two-level enhancement for obstruction of justice based on Baymon's failure to appear at his initial sentencing hearing. The government also moved for an upward departure on the basis that Baymon's criminal history "clearly understates the seriousness of his criminal history and the likelihood of recidivism." J.A. 96. At the time of sentencing, Baymon had six

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

prior convictions, each resulting in a sentence of less than sixty days, yielding a criminal history score of four and a criminal history category of III. Two of these prior convictions—a June 1998 Illinois conviction and a September 2001 conviction—were for credit card fraud.

The District Court denied the Government's motion for an upward departure but granted the Government's motion for a two-level enhancement. Baymon's guidelines-recommended sentence was fifteen to twenty-one months imprisonment, based on a total offense level of twelve[2] and criminal history category of III. *Id.* at 98. The court then sentenced Baymon to forty-eight months' imprisonment.

## II.

On appeal, Baymon argues that "[i]f the district court believed that [his] criminal history justified a sentence outside of the Guideline range" the court should have enhanced his sentence via an "upward departure motion . . . made in an incremental fashion." App. Br. 28. Baymon also argues that a sentence of forty-eight months—more than twice the twenty-one months ceiling of the advisory guideline range—is unreasonable "under the facts and circumstances of this case." *Id.* at 29.

---

[2] Based on the conduct to which he pled guilty, Baymon had a base offense level of six and was subject to a six-level enhancement for a loss amount of $30-70,000. The District Court granted the Government's motion for a two-level enhancement for obstruction of justice but allowed Baymon a two-level reduction for acceptance of responsibility in recognition of the fact that Baymon had entered a timely guilty plea, thus "reliev[ing] the government and the Court of the time and expense of a trial." J.A. 66.

A.

In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), we concluded that district courts may impose an above-guidelines sentence "by applying § 3553(a) instead of potentially applicable Guidelines departures." *United States v. King*, 454 F.3d 187, 195 (3d Cir. 2006). We also determined that "ratcheting procedures, which apply to departures, do not apply to variances." *United States v. Vargas,* 477 F.3d 94, 104 n.14 (3d Cir. 2007); *see also United States v. Gunter,* 462 F.3d 237, 247 n.10 (3d Cir. 2006) (distinguishing between "traditional departures based on a specific Guidelines provision and sentencing 'variances' . . . based on *Booker* and the § 3553(a) factors"). Thus, it was not error for Baymon's sentencing court to enhance Baymon's sentence through a § 3553(a) variance rather than an upward departure or to bypass the ratcheting analysis while doing so.

B.

To determine if a district court acted reasonably in imposing a sentence, we look to whether the court "appropriately exercised its discretion" by giving "meaningful consideration" to "the relevant factors under 18 U.S.C. § 3553(a)." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). A sentence substantially above a defendant's advisory guidelines range is not "per se unreasonable." *King*, 454 F.3d at 195. However, such an enhancement "must be adequately supported by the record." *King*, 454 F.3d at 195.

When explaining the reasons for its imposition of an above-guidelines sentence on

4

Baymon, the District Court noted that "Defendant's criminal history . . . illustrates the Defendant has a history of engaging in credit card and identity theft throughout the country." J.A. at 105. The court also noted that it was "particularly troubled by the fact that prior to his arrest in this case Defendant was convicted of theft in Denver, Colorado, for engaging in nearly identical conduct." *Id.* at 106. Finally, the court commented that: "Although the Defendant today has stated that he has learned his lesson, the Court believes that a substantial imprisonment is necessary in light of his prior conduct. Hopefully it will be sufficiently long enough to convince the Defendant that when he is released he should find lawful employment . . . " *Id.*

This explanation appropriately relates Baymon's sentence to the facts in the record and factors set out in 18 U.S.C. § 3553(a). It also adequately explains why the District Court believed a guidelines-range sentence to be insufficient. Accordingly, we conclude that the District Court did not act unreasonably in sentencing Baymon to a term of imprisonment of forty-eight months.

## III.

For the foregoing reasons, the sentence imposed on Lance Baymon by the District Court will be affirmed.